FILED
 2010 Oct-28  PM 02:13
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EARL PATRICK as Administrator and Personal Representative of the Estate of Patrick Clyde,** | ) ) ) ) |
| **Plaintiff,** | ) ) |
| v. | ) ) Case No.:  2:09-CV-1825-VEH ) |
| **CITY OF BIRMINGHAM, et al.,** | ) ) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.     Introduction**

This civil rights action was commenced by Plaintiff Earl Patrick, as the administrator and personal representative of the estate of Patrick Clyde on August 1, 2009, in the Circuit Court of Jefferson County (Doc. 1 ¶ 1), and subsequently removed to this court on September 14, 2009, on the basis of federal question and supplemental jurisdiction.  (Doc. 1 at 1; *id.* ¶¶ 4-5).  Pending before the court is the Motion to Dismiss (Doc. 44) (the "Motion") filed by Defendants Officer Gregory Everett, Officer Cynthia Morrow, Officer Scott Hastings, Office Joe Roberts, Officer Karl Wilson, and Officer Emerson Oldham (the "Officer Defendants") filed on June 28, 2010.

The Motion seeks a dismissal of Plaintiff's complaint on the basis that all the claims asserted against them are beyond the applicable statutes of limitations and are therefore, due to be dismissed for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Doc. 44 ¶¶ 5-6; *id.* at 1 (seeking "an order dismissing all claims against the Defendants with prejudice pursuant to Fed. R. Civ. P. 12(b)(6)")). Plaintiff filed his opposition (Doc. 59) on August 24, 2010, and the Officer Defendants followed with their reply (Doc. 61) on August 25, 2010. For the reasons explained below, the Motion is **DENIED**.

## II.   Standard

### A.   Rule 12(b)(6)

A Rule 12(b)(6) motion attacks the legal sufficiency of the complaint. *See* Fed. R. Civ. P. 12(b)(6). The Federal Rules of Civil Procedure require only that the complaint provide "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated by Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007); *see also* Fed. R. Civ. P. 8(a).

While a plaintiff must provide the grounds of his entitlement to relief, Rule 8 does not mandate the inclusion of "detailed factual allegations" within a complaint. *Twombly*, 550 U.S. at 545 (quoting *Conley*, 355 U.S. at 47). However, at the same

time, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

"[A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 129 S. Ct. at 1950. "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Under *Twombly*'s construction of Rule 8 . . . [a plaintiff's] complaint [must] 'nudge[] [any] claims' . . . 'across the line from conceivable to plausible.' *Ibid.*" *Iqbal*, 129 S. Ct. at 1950-51.

A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556).

**B.      Relation Back Doctrine**

Here, Plaintiff added the Officer Defendants by way of an amended complaint filed with leave of court on June 7, 2010. (Doc. 35). Rule 15(c) addresses the relation back of amendments to an initial pleading:

**(c) Relation Back of Amendments.**

> **(1) When an Amendment Relates Back.** An amendment to a pleading relates back to the date of the original pleading when:
>
>> **(A)** <u>the law that provides the applicable statute of limitations allows relation back</u>;
>>
>> **(B)** the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>>
>> **(C)** the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>>
>>> **(i)** received such notice of the action that it will not be prejudiced in defending on the merits; and
>>>
>>> **(ii)** knew or should have known that the action would have been brought against it, but for a

> mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c) (emphasis added).

Additionally, "[b]ecause the law of Alabama provides the applicable statute of limitations in this case, Rule 15(c)(1) directs us to Alabama law governing relation back of amendments." *See Saxton v. ACF Industries, Inc.*, 254 F.3d 959, 964 (11th Cir 2001). "Specifically, Alabama Rule 15(c)(4) provides that an amendment to a pleading 'relates back to the date of the original pleading <u>when relation back is permitted by principles applicable to fictitious party practice pursuant to Rule 9(h)</u>.' Ala. R. Civ. P. 15(c)(4)." *Saxton*, 254 F.3d at 964 (emphasis added).

### III. Analysis

#### A. Preliminary Considerations

As Plaintiff correctly points out (Doc. 59 at 2-3), while the Officer Defendants seek a dismissal on statute of limitations grounds, the Motion filed by them fails to mention much less engage in any relation back of fictitious party analysis applicable to Plaintiff's original complaint (Doc. 1 at Ex. 1 at 1-2 (fictitious defendant allegations)) filed on August 1, 2009, and his second amended complaint (Doc. 35) filed on June 7, 2010. Such an incomplete argument is due little or no evaluation by this court. As this court has recognized on numerous previous occasions, the failure

to reference any legal authority constitutes an undeveloped argument and waives the issue. *See, e.g., Flanigan's Enters., Inc. v. Fulton County, Ga.*, 242 F.3d 976, 987 n.16 (11th Cir. 2001) (holding that a party waives an argument if the party "fail[s] to elaborate or provide any citation of authority in support" of the argument); *Ordower v. Feldman*, 826 F.2d 1569, 1576 (7th Cir. 1987) (stating that an argument made without citation to authority is insufficient to raise an issue before the court). Here, the omissions by the Officer Defendants in their initial Motion are twofold: not only have they failed to cite any legal authority relating to the pleading of fictitious parties and the application of the relation back doctrine under Alabama law, but also they have neglected to even identify that subject area as pertinent to the validity of their affirmative defense.

Further, while the Officer Defendants' reply brief does assert that a "[de]lay in amending a complaint to substitute a named party for a fictionally named party once information is available can defeat the availability of relation back," citing to *Ex parte Griffin*, 4 So. 3d 438 (Ala. 2008) (Doc. 61 ¶ 6), *Griffin* was decided on a Rule 56 summary judgment record, and the Motion currently before the court is pursuant to Rule 12(b)(6). *See also Saxton*, 254 F.3d at 965 ("In order for the substitution to relate back [under the application of Rules 9(h) and 15(c), Ala. R. Civ. P.,] the plaintiff must show that he was ignorant of the true identity of the defendant and that

he used due diligence in attempting to discover it."); *id.* at 966 (<u>reversing grant of summary judgment</u> and remanding for district court to determine whether fictitious pleading and relation back standard had been met under Alabama law); *Mann v. Darden*, 630 F. Supp. 2d 1305, 1313-14 (M.D. Ala. 2009) (<u>determining on summary judgment</u> that Plaintiff had not met the due diligence factor of the fictitious party/relation back standard).

Also, while the Officer Defendants have attached a discovery exhibit to their reply, apparently in an effort to show Plaintiff's delay or lack of due diligence, they have not asked the court to convert their Motion to one for summary judgment and, without such a conversion in place, the court will not consider such evidence because it falls outside the pleadings. *See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."); *id.* ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

### B.  Substantive Considerations

In addition to the above preliminary problems with the Motion, the Officer Defendants have not substantively shown that they are entitled to a dismissal on statute of limitations grounds based solely upon the pleadings. The court observes

initially that the Officer Defendants have conceded that Plaintiff's original complaint was timely filed. (Doc. 44 ¶ 3 ("On August 1, 2009, one (1) day before the statute of limitations was to expire, Plaintiff filed the initial *Complaint (Document 1)* against the City of Birmingham but not the individual defendants.")).

However, in making this concession, the Officer Defendants significantly fail to state that this timely complaint included fictitious party allegations. Also, the cases that they have relied upon in an effort to show a valid statute of limitations defense are inapplicable because they do not encompass the area of fictitious party pleading and relation back under Alabama law. (Doc. 44 ¶ 7). For example, *Boyd v. Solomon*, No. 2:07-CV-0403-MEF, 2007 WL 2059122, at *1 (M.D. Ala. July12, 2007), is not a fictitious party/relation back case and instead involves the timeliness of a May 7, 2007, complaint filed by a prisoner stemming from an arrest that occurred on January 24, 1999. *Id.* ("It is clear from the face of the complaint that Boyd's claims against the defendant are barred by the statute of limitations.").

Similarly, *McIntire v. U.S.*, 884 F. Supp. 1529, 1532 (M.D. Ala. 1995), involves a plaintiff "claim[ing] that the two-year statute of limitations should be tolled because the United States was placed on notice that Plaintiff possessed an actionable claim when she filed her original [administrative] claim for damages against the AAFES [*i.e.*, the Army and Air Force Exchange Service, Fort Rucker,

Alabama]." While *McIntire* does discuss address the relation back doctrine, entirely absent from *McIntire* is any fictitious party analysis. *See id.* 884 F. Supp. at 1532 ("Essentially, Plaintiff avers that so long as she files an administrative claim, albeit non-actionable, which arises from the same transaction and occurrence as an unasserted, but viable, claim Defendants were placed on notice and the initial filing should toll the applicable statute of limitations."); *id.* ("Therefore, following Plaintiff's logic, she is entitled to relate any and all judicial actions back to the time at which she filed the initial request for damages."). Accordingly, *McIntire* is also an inapplicable authority.

*Hill v. City of Montgomery*, 74 F. Supp. 2d 1169, 1169 (M.D. Ala. 1999), is another prisoner lawsuit, which presents the question of "whether the State of Alabama's general tolling statute for disabilities, 1975 Ala. Code § 6-2-8(a), authorizes the tolling of the State's two-year statute of limitations for the period of time a person suffers from crack-cocaine addiction." Once again, fictitious pleading plays no role in the decision.

Finally, while, in their reply, the Officer Defendants cite to some cases that are more closely connected to the relevant issues (*see* Doc. 61 ¶¶ 5-6 (citing to *Saxton*, *Mann*, and *Griffin*, which are also discussed by the court above)), not one of those decisions is in the context of a motion under Rule 12(b)(6) and, on the whole, the

9

court finds their efforts to obtain a dismissal on statute of limitations grounds to be completely underdeveloped and unpersuasive. Put simply, as the movants, the Officer Defendants have not carried their burden.

**III. Conclusion**

Therefore, the Motion is **DENIED**.

**DONE** and **ORDERED** this the 28th day of October, 2010.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge