# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **EARL PATRICK, as Administrator and Personal Representative of the Estate of Clyde Patrick,** § § § § | |
| **Plaintiff,** § § | |
| v. § § | Case No.: 2:09-CV-1825-VEH |
| **GREGORY EVERETT, SCOTT HASTINGS, JOE ROBERTS, KARL WILSON, and EMERSON OLDHAM, all sued in their individual capacities,** § § § § § § | OPPOSED |
| **Defendants.** § | |

## MOTION *IN LIMINE* (5) REGARDING THE GOOD CHARACTER OF THE DEFENDANTS

Plaintiff moves this Court for an order prohibiting testimony and any reference or comment regarding the alleged good character of the defendants.

1.  Items on the defendants' exhibit lists, commendations, awards and recognitions, indicate an attempt will be made to present evidence to bolster the good character of the defendants.

2.  "Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Fed.R.Evid. 404(a).

3. Evidence of a witness's character for truthfulness may be presented only after the witness's character for truthfulness has been attacked. Fed.R.Evid. 608(a). Even then, extrinsic evidence as to good character for truthfulness, such as that listed on the defendant's exhibit lists, is usually not permitted to bolster the witness's character for truthfulness. Fed.R.Evid. 608(b).

2. Evidence with respect to the good character of a wrongful death defendant should be inadmissible. See <u>Drummond v. Drummond</u>, 212 Ala. 242, 245, 102 So. 112, 114-15 (Ala. 1924)(evidence of the good character of a wrongful death defendant may improperly suggest to the jury that a good man is less disposed to wrongfully kill another than a man than a bad character).

3. Plaintiff submits that any attempted testimony, comment or argument regarding the alleged good character of defendants would be so prejudicial that a limiting instruction from the Court would not have its intended effect.

WHEREFORE, plaintiff respectfully requests that this Court enter an order prohibiting any witness from giving, or defendant's counsel from eliciting testimony or arguing or commenting on the alleged good character of the defendants. Plaintiff requests such other relief to which he may be entitled.

Respectfully submitted,

*/s/ Thomas F. Talty*
Thomas F. Talty
Counsel for Earl Patrick

/s/ William M. Acker, III
William M. Acker, III
Counsel for Earl Patrick

OF COUNSEL:

215 Richard Arrington Blvd., N.
Suite 401
Birmingham, AL 35203
(205) 402-4271
(205) 402-4274
marshacker@att.net
ttalty@bellsouth.net

## CERTIFICATE OF SERVICE

I certify that I served counsel below with a copy of the foregoing via the Court's CM/ECF system this the 4th day of March, 2013.

Fredric L. Fullerton, II
Javan J. Patton
Law Department
710 N 20th Street, Room 600
Birmingham, Alabama 35203
flfulle@ci.birmingham.al.us
javan.patton@birminghamal.gov

Lawrence Cooper
The Cooper Law Firm, LLC
P.O. Box 301
Birmingham, AL 35201-0301
lcooplaw@aol.com

/s/ William M. Acker, III
Of Counsel