# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **EDWARD PATRICK as Administrator and Personal Representative of the Estate of Clyde Patrick,** | )<br>)<br>)<br>)<br>) |
| **Plaintiff,** | ) |
| v. | ) Case No.:  2:09-CV-1825-VEH<br>)<br>) |
| **GREGORY EVERETT, et al.,** | )<br>) |
| **Defendants.** | ) |

## MEMORANDUM OPINION AND ORDER

**I.    INTRODUCTION**

This Fourth Amendment (by and through 42 U.S.C. § 1983) excessive force case is set for a jury trial beginning April 1, 2013.  (*See* CM/ECF margin entry dated Nov. 1, 2012).

Pending before the court are eleven motions in limine all of which were filed on March 4, 2013:  (1) Defendants Officer Scott Hastings, Officer Joe Roberts, Officer Karl Wilson and Officer Emerson Oldham's Motion in Limine and Memorandum in Support (Doc. 130) ("Officers' Motion"); (2) Defendant Gregory Everett's Motion in Limine and Memorandum in Support (Doc. 130) ("Defendant

Everett's Motion"); (3) Plaintiff's Motion in Limine (1) Regarding the Scope of Testimony of Robert M. Brissie, M.D. (Doc. 132) ("Plaintiff's Brissie Motion"); (4) Plaintiff's Motion in Limine (2) Regarding UAB in its Capacity As a Former Party in this Case (Doc. 133) ("Plaintiff's UAB as Former Party Motion"); (5) Plaintiff's Motion in Limine (3) Regarding UAB in its Capacity As an Alleged Joint Tortfeasor (Doc. 134) ("Plaintiff's UAB as Joint Tortfeasor Motion"); (6) Plaintiff's Motion in Limine (4) Regarding the Concept of Immunity Or Qualified Immunity (Doc. 135) ("Plaintiff's Immunity Motion"); (7) Plaintiff's Motion in Limine (5) Regarding the Good Character of the Defendants (Doc. 136) ("Plaintiff's Good Character Motion"); (8) Plaintiff's Motion in Limine (6) Regarding the Defendants' Wealth Or Ability to Satisfy Judgment (Doc. 137) ("Plaintiff's Wealth Motion"); (9) Plaintiff's Motion in Limine (7) Regarding "Culpability" Investigations Following the Homicide of Clyde Patrick (Doc. 139) ("Plaintiff's Culpability Motion"); (10) Plaintiff's Motion in Limine (8) Regarding Prior Contacts Between Patrick and the Birmingham Police Department Or Fire and Rescue Service (Doc. 140) ("Plaintiff's Prior Contacts Motion"); and (11) Plaintiff's Motion in Limine (9) Regarding the Death of Witness Elisa Jordan's Daughter (Doc. 141) ("Plaintiff's Death of Witness's Daughter Motion").

These motions seek to preclude a number of different documents and witnesses

at trial primarily on the bases of Rules 401, 402, and 403 of the FEDERAL RULES OF EVIDENCE . Under the schedule set forth in the pretrial order (Doc. 127) entered on November 1, 2012, the deadline to respond to the motions in limine ran on March 15, 2013, and responses to these motions have been filed. (Docs. 147, 149, 150).

As for objections to witnesses and exhibits, under the court's pretrial order entered in this case:

> <u>If there are unresolved objections after the parties consult, the parties shall, at least fourteen (14) calendar days before trial</u>, submit to the court, in writing, proposed deposition testimony and trial exhibits and any unresolved objections thereto. A brief argument may be submitted at that time, if necessary. The unresolved objections and arguments (if any) must be emailed to chambers of the undersigned, and a hard copy of any objected-to exhibits must be delivered to chambers of the undersigned (via the clerk's office).

(Doc. 127 at 8 (emphasis added)). On March 18, 2013, both Plaintiff and Defendants submitted unresolved objections to the court via email.

The court held a hearing on all pending motions and objections, and a preliminary charge conference on Thursday, March 28, 2013. For the reasons stated in open court and herein, the parties' motions in limine and unresolved objections are **GRANTED IN PART**, **DENIED IN PART**, **RESERVED IN PART**, and **WITHDRAWN IN PART**.

## II.   STANDARDS

### A.   Applicable Evidentiary Rules

Rule 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. Regarding the admissibility of evidence generally, Rule 402 provides:

> All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible.

FED. R. EVID. 402.

Finally, the exclusionary standard pursuant to Rule 403 states:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

FED. R. EVID. 403.

### B.   Standard of Review

"All evidentiary decisions are reviewed under an abuse-of-discretion standard." *See, e.g., General Elec. Co. v. Joiner*, 522 U.S. 136, 141 (1997). "An abuse of discretion can occur where the district court applies the wrong law, follows the wrong procedure, bases its decision on clearly erroneous facts, or commits a clear error in

judgment." *United States v. Estelan*, 156 Fed. App'x 185, 196 (11th Cir. 2005) (citing *United States v. Brown*, 415 F.3d 1257, 1266 (11th Cir. 2005)).

Moreover, as the Eleventh Circuit has made clear, not every incorrect evidentiary ruling constitutes reversible error:

> Auto-Owners' second argument is that it is entitled to a new trial on the basis of what it describes as a number of erroneous evidentiary rulings by the district court. Evidentiary rulings are also reviewed under an abuse of discretion standard. *Finch v. City of Vernon*, 877 F.2d 1497, 1504 (11th Cir. 1989). Moreover, even if Auto-Owners can show that certain errors were committed, the errors must have affected "substantial rights" in order to provide the basis for a new trial. *See* Fed. R. Evid. 103(a). "Error in the admission or exclusion of evidence is harmless if it does not affect the substantial rights of the parties." *Perry*, 734 F.2d at 1446. *See also Allstate Insurance Co. v. James*, 845 F.2d 315, 319 (11th Cir. 1988).

*Haygood v. Auto-Owners Ins. Co.*, 995 F.2d 1512, 1515 (11th Cir. 1993). Therefore, even the existence of many evidentiary errors does not guarantee the appealing party a new trial. Instead, such erroneous rulings by a district court must "affect the substantial rights of the parties" in order for reversible error to occur.

### III. RULINGS

The court makes the following evidentiary rulings.[1]

---

[1] The following rulings are subject to revision during trial, including, for example, if a party "opens the door" to an area of evidence which the court prohibited on the motion of that particular party. However, the court cautions counsel to make sure before covering any area of evidence prohibited by this order that the court is in agreement that such introduction before the jury is or has become proper.

# **MOTIONS IN LIMINE**

As explained more fully below, the parties' motions in limine are **GRANTED IN PART**, **DENIED IN PART**, and **RESERVED IN PART**.

## A.   Defendants' Motions in Limine

### 1.   Officers' Motion

The Officers' Motion contains 16 separate subparts.  The court addresses each area below.

#### a.   Prior Complaints of Wrongdoing

The Officers' Motion is **GRANTED** with respect to proof of prior complaints. Accordingly, counsel for Plaintiff and all witnesses are **HEREBY PROHIBITED** from referencing in any manner, except for impeachment or rebuttal purposes, evidence of reports, internal investigations, allegations, charges, findings, or any other complaints against Officer Scott Hastings, Officer Joe Roberts, Officer Karl Wilson and Officer Emerson Oldham or any other current or former Officer of the Birmingham Police Department, including Defendant Everett, regardless of whether the charges were sustained, that do not involve alleged excessive force, or that do not involve the type of excessive force alleged in this case, or that do not involve conduct by Officer Scott Hastings, Officer Joe Roberts, Officer Karl Wilson, Officer Emerson Oldham, and Defendant Everett.

### b. Resolution of Prior Complaints of Wrongdoing Favorable to Officers

The Officers' Motion is **GRANTED** with respect to proof of prior complaints about wrongdoing that were resolved in a manner favorable to any of the Officers. Accordingly, counsel for Plaintiff and all witnesses are **HEREBY PROHIBITED** from referencing in any manner, except for impeachment or rebuttal purposes, evidence of complaints about wrongdoing in which the Officers were found to have acted consistent and in accordance with the City's policies and procedures.

### c. Complaints of Wrongdoing Made After August 2, 2007

The Officers' Motion is **GRANTED** with respect to proof of complaints about wrongdoing made after August 2, 2007. Accordingly, counsel for Plaintiff and all witnesses are **HEREBY PROHIBITED** from referencing in any manner, except for impeachment or rebuttal purposes, evidence of complaints made after August 2, 2007, about wrongdoing relating to any of the Officers.

### d. Clyde Patrick's Medical History

The Officers' Motion is **RESERVED** with respect to their authenticity and hearsay objections raised relating to Clyde Patrick's medical records, bills, diagnoses, treatments, or opinions. The Officers' Motion is **GRANTED** with respect to Plaintiff's use of a medical expert witness at trial except as to calling Dr. Brissie.

Accordingly, Plaintiff is **HEREBY PROHIBITED** from calling any medical experts at trial with the exception of Dr. Brissie.

### e. "Group Level" Excessive Force

The Officers' Motion is **RESERVED** with respect to the issue of "group level" excessive force.

### f. Notice of Claim

The Officers' Motion concerning Earl Patrick's Notice of Claim about the death of Clyde Patrick filed with the City of Birmingham is **GRANTED** as unopposed. Accordingly, counsel for Plaintiff and all witnesses are **HEREBY PROHIBITED** from referencing in any manner Earl Patrick's Notice of Claim.

### g. Notices of Claim Generally

The Officers' Motion concerning Notices of Claim generally is **GRANTED** as unopposed. Accordingly, counsel for Plaintiff and all witnesses are **HEREBY PROHIBITED** from referencing in any manner Notices of Claim generally.

### h. Internal Affairs Investigation and Discharge of Former Officer Everett

The Officers' Motion is **GRANTED** with respect to the internal affairs investigation and discharge of former Birmingham police officer, Defendant Everett, on April 8, 2011. Accordingly, counsel for Plaintiff and all witnesses are **HEREBY**

**PROHIBITED** from referencing in any manner, except for impeachment or rebuttal purposes, evidence of the internal affairs investigation and discharge of Defendant Everett.

### i. Coroner's Photographs of Clyde Patrick

The Officers' Motion is **DENIED** with respect to any photographs of Clyde Patrick taken by the Jefferson County Coroner's Officer.

### j. Non-Listed Witnesses and Exhibits

The Officers' Motion is **GRANTED** with respect to any non-listed witnesses and exhibits as unopposed if applied to all parties. Accordingly, Plaintiff, Defendants, and all witnesses are **HEREBY PROHIBITED** from referencing in any manner, except for impeachment or rebuttal purposes, any non-listed witnesses or exhibits.

### k. Non-Punitive Damages

The Officers' Motion concerning non-punitive damages is **GRANTED** as unopposed. Accordingly, counsel for Plaintiff and all witnesses are **HEREBY PROHIBITED** from referencing in any manner damages that are non-punitive in nature.

### l. Punitive Damages

The Officers' Motion concerning punitive damages is **DENIED** as the only damages available in an Alabama excessive force case resulting in death are punitive.

### m. Parameters of Pretrial Order

The Officers' Motion is **RESERVED** with respect to any evidentiary objections premised upon the parameters of the court's pretrial order.

### n. General Publicity

The Officers' Motion is **GRANTED** with respect to any evidence of general publicity regarding the events of August 2, 2007, culminating in the death of Clyde Patrick. Accordingly, counsel for Plaintiff and all witnesses are **HEREBY PROHIBITED** from referencing in any manner, except for impeachment or rebuttal purposes, all general publicity regarding the events of August 2, 2007, culminating in the death of Clyde Patrick.

### o. External Investigations

The Officers' Motion with respect to external investigations is **GRANTED** as unopposed. Accordingly, counsel for Plaintiff and all witnesses are **HEREBY PROHIBITED** from referencing in any manner proof of any excessive force investigations conducted by any external state or federal agency.

### p. Wealth or Poverty

The Officers' Motion with respect to wealth or poverty of any party is **GRANTED** as unopposed given that Plaintiff has filed a similar motion, *i.e.*, Plaintiff's Wealth Motion, which also is **GRANTED** as set out more fully below. Accordingly, Plaintiff, Defendants, and all witnesses are **HEREBY PROHIBITED** from referencing in any manner the wealth or poverty of any party.

### 2. Defendant Everett's Motion

Defendant Everett's Motion is limited to the issue of prior complaints made against him that do not involve the alleged use of deadly force or that involve conduct by Defendant Everett unrelated to this matter. Defendant Everett's Motion, as limited by him, is **GRANTED**. Accordingly, and consistent with the prior complaint rulings made above, counsel for Plaintiff and all witnesses are **HEREBY PROHIBITED** from referencing in any manner, except for impeachment or rebuttal purposes, evidence of reports, internal investigations, allegations, charges, findings, or any other complaints against Defendant Everett that do not involve his alleged use of deadly force.

## B. Plaintiff's Motions in Limine

### 1. Plaintiff's Brissie Motion

Plaintiff's Brissie Motion is **GRANTED**. Accordingly, Dr. Brissie is

**HEREBY PROHIBITED** from giving, and all counsel for Defendants are **HEREBY PROHIBITED** from eliciting, character testimony based upon hearsay, or expert testimony beyond the scope of Dr. Brissie's duties as Coroner as applied to his determination of the cause of Clyde Patrick's death.

### 2.      Plaintiff's UAB as Former Party Motion

Plaintiff's UAB as Former Party Motion is **GRANTED**.  Accordingly, all witnesses are **HEREBY PROHIBITED** from giving and all counsel for Defendants are **HEREBY PROHIBITED** from eliciting testimony or arguing or commenting regarding UAB as a former party to this lawsuit.  However, expressly excepted from the scope of this ruling is the use of such evidence for impeachment or rebuttal purposes, nor does this ruling exclude any otherwise admissible testimony or evidence, or argument or comments, regarding the activity of various UAB personnel at the scene of the incident in question that is relevant to the issue of the activities of Defendants regarding Plaintiff's claim of alleged excessive force.

### 3.      Plaintiff's UAB as Joint Tortfeasor Motion

Plaintiff's UAB as Joint Tortfeasor Motion is **GRANTED**.  Accordingly, all witnesses are **HEREBY PROHIBITED** from giving and all counsel for Defendants are **HEREBY PROHIBITED** from eliciting testimony or arguing or commenting regarding, UAB's alleged premature or ill-advised release of Clyde Patrick the

morning before his encounter with Defendants. However, expressly excepted from the scope of this ruling is the use of such evidence for impeachment or rebuttal purposes, nor does this ruling exclude any otherwise admissible testimony or evidence, or arguments or comments, regarding the activity of various UAB personnel at the scene of the incident in question that is relevant to the issue of the activities of Defendants regarding Plaintiff's claim of alleged excessive force.

### 4. Plaintiff's Immunity Motion

Plaintiff's Immunity Motion is **GRANTED** as agreed to by Defendants. Accordingly, all witnesses are **HEREBY PROHIBITED** from giving and all counsel for Defendants are **HEREBY PROHIBITED** from eliciting testimony or arguing or commenting about, the concept of qualified immunity in the presence of the jury.

### 5. Plaintiff's Good Character Motion

Plaintiff's Good Character Motion is **GRANTED**. Accordingly, all witnesses are **HEREBY PROHIBITED** from giving and all counsel for Defendants are **HEREBY PROHIBITED** from eliciting testimony or arguing or commenting on, the alleged good character of Defendants. However, expressly excepted from the scope of this ruling is the use of such evidence for impeachment or rebuttal purposes, nor does this ruling exclude any otherwise admissible testimony or evidence, or arguments or comments, regarding the activity of various UAB personnel at the scene

of the incident in question that is relevant to the issue of the activities of Defendants at the scene of the incident in question relevant to Plaintiff's claim of alleged excessive force.

### 6. Plaintiff's Wealth Motion

Plaintiff's Wealth Motion is **GRANTED** as agreed to by Defendants and as they have sought a similar wealth-related ruling which the court granted above. Accordingly, all witnesses are **HEREBY PROHIBITED** from giving and all counsel for Defendants and Plaintiff are **HEREBY PROHIBITED** from eliciting testimony or arguing or commenting about, Defendants' lack of insurance or relative wealth or ability to satisfy a judgment.

### 7. Plaintiff's Culpability Motion

Plaintiff's Culpability Motion seeks to exclude records from the investigations conducted by the Birmingham Police Department and the Jefferson County District Attorney's Office with respect to determining any culpability for Clyde Patrick's death. More specifically, Plaintiff contends that documents generated by the Jefferson County District Attorney's Office are irrelevant because that investigation involved viewing the evidence under the lens of a criminal standard, not a civil one. Consistent with the court's ruling on the Officers' Motion with respect to records from any external investigations, this part of Plaintiff's Culpability Motion is

**GRANTED**.

Regarding the second portion of Plaintiff's Culpability Motion, Plaintiff maintains that the investigative materials from the Birmingham Police Department should be excluded on the basis of hearsay and a lack of trustworthiness. Plaintiff also argues that to the extent these investigative documents are relevant and otherwise admissible they should still be excluded on the basis of their significant prejudicial and confusing impact. The court agrees that the limited probative value of these investigative records is substantially outweighed by their prejudicial and confusing nature. Accordingly, the Plaintiff's Culpability Motion is **GRANTED**, and all witnesses are **HEREBY PROHIBITED** from giving and all counsel for Defendants are **HEREBY PROHIBITED** from eliciting testimony or arguing or commenting about, the investigative documents from either the Jefferson County District Attorney's Office or the Birmingham Police Department.

### 8. Plaintiff's Prior Contacts Motion

Plaintiff's Prior Contacts Motion is **GRANTED** as agreed to by Defendants. Accordingly, all witnesses are **HEREBY PROHIBITED** from giving and all counsel for Defendants are **HEREBY PROHIBITED** from eliciting testimony or arguing or commenting about, any prior contacts between Clyde Patrick and the Birmingham Police Department or Birmingham Fire and Rescue Service.

### 9. Plaintiff's Death of Witness's Daughter Motion

Plaintiff's Death of Witness's Daughter Motion is **GRANTED**. Accordingly, all witnesses are **HEREBY PROHIBITED** from giving and all counsel for Defendants are **HEREBY PROHIBITED** from eliciting testimony or arguing or commenting regarding, the source of the bracelet or the death of Elisa Jordan's daughter. Moreover, Elisa Jordan will not be permitted to testify that the bracelet had sentimental value, as there is no evidence that Defendants knew that the bracelet had sentimental value.

### UNRESOLVED OBJECTIONS

#### A. Defendant's Unresolved Objections

Defendants have identified four unresolved objections to Plaintiff's witnesses and exhibits. As discussed more fully below, Defendants' unresolved objections are **SUSTAINED IN PART**, **OVERRULED IN PART**, and **WITHDRAWN IN PART**.

#### Objections to Witnesses

The first objection relates to Plaintiff's witness, Willie Rumph ("Mr. Rumph"). Defendants maintain that Mr. Rumph should not be allowed to testify because Plaintiff neither disclosed nor identified him as a witness in accordance with the applicable procedural rules. As counsel for Plaintiff indicated at the hearing, Mr.

Rumph cannot be located. Accordingly, Defendants' objection is **SUSTAINED**, and Mr. Rumph is **HEREBY EXCLUDED** as a witness for Plaintiff.

### Objections to Exhibits

The remaining objections relate to Plaintiff's proposed exhibits. Concerning the summary chart of weapon discharges (Doc. 45), which document Defendants acknowledge they became aware of during the summary judgment stage, the objection relating to Plaintiff's failure to timely disclose it is **OVERRULED**. Due to its underdeveloped nature, the objection premised upon Rule 404(a) is also **OVERRULED**. However, for the reasons explained during the hearing, Defendants' objection relating to the completeness of this summary exhibit is **SUSTAINED**. Accordingly, the court will not allow this type of exhibit to be admitted during trial unless Plaintiff modifies it to include all testing cycles of each taser gun which occurred prior to 5:00 p.m. on August 2, 2007.

Concerning the UAB Hospital security video (Doc. 53), which Defendants acknowledge they became aware of through the disclosure of another party, the objection relating to Plaintiff's failure to disclose is **OVERRULED**. Further, as stated during open court, Defendants' objections premised upon hearsay, irrelevance, and lack of completeness are **WITHDRAWN**. Plaintiff and Defendants will be permitted to use any portions of the UAB Hospital security video as they choose to

use.

Concerning pictures of Clyde Patrick taken while he was alive (Doc. 59), as stated in open court, Defendants' objection is **WITHDRAWN** with respect to the one photograph of Clyde Patrick that Plaintiff intends to use at trial.

### B. Plaintiff's Unresolved Objections

Plaintiff has listed five unresolved objections to Defendants' witnesses and exhibits. As discussed more fully below, Plaintiff's unresolved objections are **SUSTAINED**.

### Objections to Witnesses

In terms of witnesses, Plaintiff objects, under Rules 401 and 402, to Defendants' calling Lt. Harry Greenburg and Lt. David Marable to testify on the grounds that they both lack firsthand knowledge of the relevant events that occurred on August 2, 2007. However, Plaintiff also expressly reserves the right to call either one of these witnesses for impeachment or rebuttal purposes. For the reasons stated in open court, Plaintiff's objections to these two witnesses are **SUSTAINED**.

Plaintiff also objects to letting Dr. Brissie testify beyond the scope of his investigation into the cause of Clyde Patrick's death, as such testimony would be irrelevant and/or barred by Rule 802. These objections are **SUSTAINED**, consistent with the court's ruling on Plaintiff's Brissie Motion above.

18

**Objections to Exhibits**

Plaintiff objects to the introduction of the internal investigation file by the Birmingham Police Department and any awards, commendations, or recognitions of Defendants. Consistent with the court's ruling on Plaintiff's Culpability Motion above, Plaintiff's objections to offering materials from the internal investigation file are **SUSTAINED** on Rule 403 grounds, and those documents are **HEREBY EXCLUDED**.

Further, consistent with the court's ruling on Plaintiff's Good Character Motion above, Plaintiff's objections to any award-related evidence are **SUSTAINED**, and those documents are **HEREBY EXCLUDED**.

**DONE** and **ORDERED** this the 28th day of March, 2013.

 

**VIRGINIA EMERSON HOPKINS**
United States District Judge