IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **EDWARD PATRICK as Administrator and Personal Representative of the Estate of Clyde Patrick,** | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No.: 2:09-CV-1825-VEH |
| **GREGORY EVERETT, et al.,** | )<br>)<br>) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

### I.   Introduction

Pending before the court is Plaintiff's Motion for New Trial (the "Motion") (Doc. 169) filed on May 13, 2013, pursuant to Rule 59(a)(1)(A) of the Federal Rules of Civil Procedure.  The Motion states that, if it is granted, Plaintiff will "seek a scheduling order permitting him to file a motion for partial summary judgment with respect to the defendant's liability, based on the undisputed evidence admitted at trial."  (*Id.* at 9-10 ¶ 23).

Defendants filed their opposition (Doc. 170) to the Motion on May 20, 2013. Plaintiff elected not to submit a reply, which deadline, pursuant to appendix III of the

court's uniform initial order (Doc. 5) and as subsequently modified on July 7, 2010 (Doc. 54), ran on June 3, 2013. (Doc. 54 at 7 ("The movant's reply brief shall be filed no later than seven (7) **calendar** days after the date on which the opponent's responsive brief was due.")).  For the reasons explained below, the Motion is **DENIED**.

## II.     Background

The facts leading up to this civil rights trial are set forth in detail in the court's summary judgment ruling entered on August 29, 2012, which granted in part and denied in part several pending motions. (Doc. 125). Beginning on April 1, 2013, the court held a two week jury trial. On April 12, 2013, the jury rendered its verdict in favor of Defendants. (Doc. 166). Following the entry of judgment (Doc. 168), Plaintiff filed this Motion.

## III.    Motion for New Trial

### A.     Standards

Rule 59(a)(1)(A) provides:

**(a) In General.**

> **(1) *Grounds for New Trial*.** The court may, on motion, grant a new trial on all or some of the issues--and to any party--as follows:
>
> > **(A)** after a jury trial, for any reason for which

>a new trial has heretofore been granted in an action at law in federal court; or . . . .

Fed. R. Civ. P. 59(a)(1)(A).

Regarding appellate review, "[i]t has been uniformly held that according to Rule 59 of Civil Procedure, 28 U.S.C.A., a motion for new trial is addressed to the sound discretion of the trial judge, and will not be disturbed except for a clear abuse of that discretion." *Union Mechling Corp. v. Carmadelle*, 624 F.2d 677, 679 (5th Cir. 1980) (quoting *La Fever, Inc. v. All-Star Ins. Corp.*, 571 F.2d 1367, 1368 (5th Cir. 1978)).[1]  "This standard recognizes the deference that is due the trial court's first-hand experience of the witnesses, their demeanor, and a context of the trial" and is "particularly appropriate where a new trial is denied and the jury's verdict is left undisturbed." *Rosenfield v. Wellington Leisure Products, Inc.*, 827 F.2d 1493, 1498 (11th Cir. 1987) (citing *Conway v. Chemical Leaman Tank Lines, Inc.*, 610 F.2d 360, 362 (5th Cir. 1980)).

In contrast, if "a district court grants a new trial because the verdict is against the weight of the evidence, th[e] [Eleventh Circuit]'s review will be <u>extremely stringent</u> to protect a party's right to a jury trial." *Redd v. City of Phenix City*, 934

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

F.2d 1211, 1215 (11th Cir. 1991) (emphasis added) (citing *Hewitt v. B.F. Goodrich Co.*, 732 F.2d 1554, 1556 (11th Cir. 1984)).

  **B.** **Analysis**

  Plaintiff's Motion seeks a new trial on the ground that "the jury appears to have completely ignored the great weight of the evidence which was before it, nearly all of which was undisputed." (Doc. 169 at 2 ¶ 3). The court disagrees with Plaintiff's characterization of the trial record and criticism of the jury's deliberative process.

  In particular, the same reasoning for denying qualified immunity to Defendants on Plaintiff's deadly excessive force claim supports rejecting Plaintiff's Motion: the jury assessed the credibility of the witnesses and decided whose version of the facts – Plaintiff's or Defendants' – they believed. *Cf. Rosenfield*, 827 F.2d at 1498 (recognizing that when deciding whether to grant a motion for new trial, "the district judge should not substitute his own credibility choices and inferences for the reasonable credibility choices and inferences made by the jury" (citing *Williams v. City of Valdosta*, 689 F.2d 964, 973-74 n.7 (11th Cir. 1982))); *Redd*, 934 F.2d at 1215 ("When there is some support for a jury's verdict, it is irrelevant what we or the district judge would have concluded.").

  As this court concludes and Defendants' opposition to the Motion confirms (*see generally* Doc. 170 at 4-10 (highlighting several examples of diverging evidence

and gaps in proof presented at trial)), the facts surrounding the crucial issues of this case were not straightforward and completely one-sided in favor of Plaintiff. Instead, the contested circumstances culminating in the decedent's death required not only the jury's resolution of conflicting testimony and competing credibility issues with respect to numerous witnesses, but also the reconciliation of such eye-witness evidence with other items of proof such as the taser cycling data and disconnected video clips. *See United States v. Gordon*, 580 F.2d 827, 835 (5th Cir. 1978) ("It was within the province, indeed the duty, of the jury to resolve any conflicting testimony, to determine whether to believe a particular witness, and to decide the inferences reasonably to be drawn from credible testimony offered at trial[.]" (citing *United States v. Orzechowski*, 547 F.2d 978, 981-83 (7th Cir. 1977))). Consequently, because there was more than sufficient evidence presented at trial to support the jury's conclusion that Defendants' use of taser guns against the decedent was neither excessive nor unreasonable under the circumstances, the court has no choice but to abide by the jury's verdict.

**IV. Conclusion**

For the reasons set forth above, Plaintiff's Motion is **DENIED**.

**DONE** and **ORDERED** this the 4th day of June, 2013.

**VIRGINIA EMERSON HOPKINS**
United States District Judge